United States District Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16-76(S)-1 |
| | § | |
| HENRY MARTINEZ, | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Henry Martinez's letter motion for compassionate release. D.E. 177.

## I. BACKGROUND

In 2018, Defendant was pled guilty to conspiracy to possess with intent to distribute synthetic cannabinoid. He has served 13 months (54%) of his 24-month sentence and has a projected release date, after good time credit, of June 4, 2022. Defendant now moves the Court to reduce his sentence to time served or order his release to home confinement so that he can care for his elderly mother.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

>conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>   (i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

>**(A) Medical Condition of the Defendant.—**
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii) The defendant is—
>       (I) suffering from a serious physical or medical condition,
>       (II) suffering from a serious functional or cognitive impairment, or
>       (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>**(B) Age of the Defendant. –**
>   The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
>**(C) Family Circumstances. –**

>   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   **(D) Other Reasons. –**
>   As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to

provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant moves the Court for compassionate release in order to care for his elderly mother, who suffers from a number of serious medical conditions and "requires assistance around the clock," according to a letter from her physician. *See* D.E. 177-1, p. 1. Defendant states that he is the only available caregiver for his mother, since his father and brother, who previously acted as caregivers, both died in 2020. *See id.*, pp. 2–3.

Defendant has offered no evidence, nor does he allege, that he has pursued his administrative remedies within the BOP before petitioning the Court for a sentence reduction as required. Because he has failed to demonstrate his compliance with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

### IV. CONCLUSION

For the reasons stated above, Defendant's letter motion for compassionate release (D.E. 177) is **DENIED**.

It is so **ORDERED** this 1st day of November, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE